FILED'11 JUN 1 12:57USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHAEL RANF,

    Plaintiff,

v.

COMMISSIONER of SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Civ. No. 09-586-CL

**ORDER**

CLARKE, Magistrate Judge.

This matter comes before the court on plaintiff's unopposed motion (#25) for prevailing party fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**BACKGROUND**

On May 28, 2009, plaintiff filed a Complaint (#2) in this court seeking judicial review of a final decision of the Commissioner of the Social Security Commission denying plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, as amended ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3). On December 15, 2010, this court recommended (#20) that the Commissioner's decision be affirmed in part and remanded in part for further proceedings.

Plaintiff objected (#22) to this court's recommendation. On February 28, 2011, United States District Court Judge Owen M. Panner adopted (#23) this court's recommendation and entered judgment (#24) reversing the Commissioner's decision in part and remanding the case for further proceedings.

## LEGAL STANDARDS

A prevailing party in an action against the United States is entitled to an award of attorney fees and costs under the EAJA unless the government's demonstrates that its position in the litigation was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). An applicant for disability benefits prevails against the United States if the denial of benefits is reversed and remanded for rehearing pursuant sentence four of 42 U.S.C. § 405(g), regardless of whether benefits are ultimately awarded. Shalala v. Schaefer, 509 U.S. 292, 300-01, 113 S.Ct. 2625 (1993). An EAJA fee award must be reasonable. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See* Commissioner, INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316 (1990); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933 (1983); Atkins v. Apfel, 154 F.3d 986 (9th Cir. 1998).

## DISCUSSION

The parties do not dispute that plaintiff was the prevailing party. Plaintiff's counsel allege 45.25 hours of work expended on plaintiff's case, and assert that the average hourly rate for EAJA fees, adjusted for inflation, is $172.24. The parties have stipulated (#26) to an attorney fee award in the amount of $7,499.99. The court finds that the hours worked, hourly rate, and stipulated attorney fee are reasonable. Therefore,

IT IS ORDERED that plaintiff's motion for attorney fees (#25) is GRANTED, and plaintiff is awarded the attorney's fees under the EAJA in the amount of $7,499.99 pursuant to the stipulation (#26). Plaintiff has not filed an assignment of EAJA fees. Unless the United States Department of the Treasury determines that plaintiff owes a federal debt, payment shall be made payable to plaintiff and delivered to plaintiff's counsel. See Astrue v. Ratliff, -- U.S. --, 130 S.Ct. 2521 (2010). If plaintiff provides a signed assignment requesting that the attorney fee awarded under the EAJA be paid directly to his counsel, the government shall accept plaintiff's assignment and pay make the EAJA attorney fee directly to plaintiff's counsel. Id.

IT IS SO ORDERED.

DATED this 31 day of May, 2011.

MARK D. CLARKE
United States Magistrate Judge

Page 3 – ORDER